(C.D. 4750)

GENE MILLER, a/c J. J. CAMILLO SEAFOODS BROKERAGE CO. *v.* UNITED STATES

Court No. 74-11-03244

J. J. CAMILLO SEAFOOD BROKERAGE *v.* UNITED STATES

Court No. 75-3-00552

J. J. CAMILLO, INC. *v.* UNITED STATES

Court No. 76-11-02537

(Decided June 9, 1978)

*Stein, Shostak, Shostak & O'Hara, Inc.* (*John N. Politis* of counsel) for the plaintiffs.

*Barbara Allen Babcock,* Assistant Attorney General (*Bruce M. Mitchell,* trial attorney), for the defendant.

MALETZ, Judge: A joint trial of these actions was held. At this trial, after plaintiffs had completed the presentation of their evidence, defendant moved for dismissal of the actions pursuant to rule 8.3(c)

on the ground that on the facts and the law plaintiffs had failed to prove a *prima facie* case. The court granted defendant's motion to dismiss. In conformity with rule 8.3(c) the court makes the following findings of fact and conclusions of law stating the reasons and facts upon which judgment on the merits against the plaintiffs—which is hereby entered—is based.

### Findings of Fact

1. The merchandise at issue consists of boiled baby clams packed in 10 oz. or 27⅞ oz. tins.

2. The merchandise was exported from Japan on November 12, 1971; July 30, 1972; March 2, 1973; or April 23, 1976.

3. The merchandise does not appear on the Final List of the Secretary of the Treasury, T.D. 54521.

4. The merchandise was appraised on the basis of American selling price as defined in section 402(e) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

5. Plaintiffs contest the use of American selling price as the basis of appraisement, claiming that no like or similar merchandise was produced in the United States at the time of exportation of the imported merchandise and that the imported merchandise should have been appraised on the basis of export value as defined in section 402(b) of the Act at the invoice unit values, packed, less ocean freight, hauling, and lighterage.

6. The court is pretermitting the issue of whether the plaintiffs have sustained their burden of overcoming the presumption of correctness and is making no finding with respect thereto.

7. At trial, plaintiffs fails to prove *prima facie* that at the time of exportation to the United States of the merchandise undergoing appraisement, the invoice unit values, packed, less ocean freight, hauling and lighterage, were the prices at which such or similar merchandise was freely sold or, in the absence of sales, offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, as contemplated in section 402(b).

### Conclusions of Law

1. The court has jurisdiction of these actions pursuant to 28 U.S.C. 1582(a).

2. The protests covered by the civil actions were timely filed and the actions were timely commenced.

3. Under 28 U.S.C. 2635, the decision of the appraising officer is presumed to be correct and the burden to prove otherwise rests upon the parties challenging the decision. In these cases, plaintiffs

had the burden of overcoming the presumption by establishing, through competent and sufficient evidence, that export value rather than the American selling price is the correct statutory basis of appraisement and that their claimed values represent the proper export value for the imported merchandise.

4. The court makes no determination as to whether plaintiffs have overcome the presumption of correctness of the American selling price basis of appraisement, and is pretermitting that issue.

5. Plaintiffs have failed to prove *prima facie* that the invoice unit prices less ocean freight, hauling and lighterage were the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets in Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, pursuant to section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956.

6. For the foregoing reasons, the appraised values are hereby affirmed.